IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
THE ASSOCIATED PRESS,                               )
                                                    )
          Plaintiff,                                )
                                                    )
v.                                                  )          Case No. 1:15-cv-345
                                                    )
UNITED STATES DEPARTMENT OF STATE,                  )
                                                    )
          Defendant.                                )
                                                    )
_____)

## ANSWER

Defendant, the United States Department of State, by and through its undersigned counsel, answers plaintiff's Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

In answer to the individually numbered paragraphs of the Complaint, defendant states as follows:

1-2.    These paragraphs contain plaintiff's characterization of this action to which no answer is required, but insofar as one is deemed required, denied.  Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs regarding plaintiff's motivations for bringing this action.

3.       This paragraph contains plaintiff's characterization and description of plaintiff's Freedom of Information Act ("FOIA") requests to which no answer is required, but insofar as one is deemed required, denied, and the Court is respectfully referred to those requests for a

complete and accurate statement of their contents.

4.      This paragraph contains plaintiff's characterization and description of defendant's responses to plaintiff's FOIA requests to which no answer is required, but insofar as one is deemed required, denied, and the Court is respectfully referred to defendant's responses to the individual requests for a complete and accurate statement of their contents.

5.      Denied, except to admit the following.  In December 2014, former Secretary Clinton provided to the Department paper copies of approximately 30,000 e-mails, comprising approximately 55,000 pages.  Secretary Clinton provided these records in response to a letter sent by the Department of State to former Secretaries requesting that, if former Secretaries or their representatives were "aware or [were to] become aware in the future of a federal record, such as an email sent or received on a personal email account while serving as Secretary of State, that a copy of this record be made available to the Department. . . if there is reason to believe that it may not otherwise be preserved in the Department's recordkeeping system."  Given the considerable public interest in the 55,000 pages, the Department is reviewing the collection for public release, consistent with the FOIA, and will make the releasable portions of the 55,000 pages available to the public by posting them on the Department's FOIA website.  This paragraph also contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

6.      Regarding the first sentence of this paragraph, admit that AP has submitted FOIA requests to the Department of State and that the Department has responded to those requests as detailed below.  The second and third sentences of this paragraph contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

7.      Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

8.      This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied, except to admit that the Department of State is an agency of the federal government that is headquartered at 2201 C Street, N.W., Washington, DC 20520.

9.      This paragraph contains plaintiff's statement of the jurisdictional basis for this action, to which no response is required.

10.     This paragraph contains plaintiff's statement of the venue for this action, to which no response is required.

11.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

12.     This paragraph contains conclusions of law to which no answer is required.

13.     This paragraph contains plaintiff's characterization and description of a Presidential Memorandum, Freedom of Information Act, 74 Fed. Reg. 4,683 (Jan. 21, 2009), to which the Court is respectfully referred for a complete and accurate statement of its contents.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The second sentence contains conclusions of law to which no answer is required.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16.     Admit that the AP submitted FOIA requests to the Department of State on or about March 9, 2010, and August 20, 2013.  Defendant respectfully refers the Court to those requests (Exhibit A to the Complaint) for a complete and accurate statement of their contents.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph.  The third sentence contains plaintiff's characterization and description of plaintiff's August 20, 2013 FOIA request to which the Court is respectfully referred for a complete and accurate statement of its contents.

18.     Admit that defendant acknowledged receipt of plaintiff's March 9, 2010 FOIA request by email on March 16, 2010, and by letter dated April 22, 2010, and assigned it the stated case control number.  Defendant respectfully refers the Court to defendant's March 16, 2010 email and April 22, 2010 letter (Exhibit A to the Complaint) for a complete and accurate statement of their contents.

19.     Admit that defendant acknowledged receipt of plaintiff's August 20, 2013 FOIA request on August 26, 2013, and assigned it the stated case control number.  Defendant respectfully refers the Court to defendant's August 26, 2013, and September 19, 2013 letters (Exhibit A to the Complaint) for a complete and accurate statement of their contents.

20.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

21.     Admit that AP submitted another FOIA request from Stephen Braun to the Department of State on or about August 20, 2013.  The Court is respectfully referred to that request (Request B, Exhibit B to the Complaint) for a complete and accurate statement of its contents.

22-24.  These paragraphs contain plaintiff's characterization and description of Request B.  Defendant respectfully refers the Court to Request B for a complete and accurate statement of its contents.

25.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations in the first three sentences of this paragraph.  The remainder of the paragraph contains plaintiff's characterization and description of Request B.  Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents.

26.     Admit that defendant acknowledged receipt of Request B by letter dated August 23, 2013, and assigned it the stated case control number.  Defendant respectfully refers the Court to defendant's August 23, 2013 letter (Exhibit B to the Complaint) for a complete and accurate statement of its contents.

27.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

28.     Admit that AP submitted a FOIA request from Jack Gillum to the Department of State on or about August 20, 2013.  Defendant respectfully refers the Court to that request (Request C, Exhibit C to the Complaint) for a complete and accurate statement of its contents.

29.     This paragraph contains plaintiff's characterization and description of Request C. Defendant respectfully refers the Court to Request C for a complete and accurate statement of its contents.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31.     Admit that defendant acknowledged receipt of Request C by letter dated August 26, 2013, and assigned it the stated case control number.  Defendant respectfully refers the Court to that letter (Exhibit C to the Complaint) for a complete and accurate statement of its contents.

32.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

33.     Deny that AP journalist Jack Gillum "submitted another FOIA request on August

2, 2013." Admit that he submitted another FOIA request on August 20, 2013. Defendant

respectfully refers the Court to Request D for a complete and accurate statement of its contents.

34.     This paragraph contains plaintiff's characterization and description of Request D.

Defendant respectfully refers the Court to that Request D for a complete and accurate statement

of its contents.

35.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.  To the extent the paragraph contains plaintiff's

characterization and description of <u>Jewel v. Nat'l Sec. Agency</u>, 673 F.3d 902, 905 (9th Cir.

2011), and <u>Klayman v. Obama</u>, 957 F. Supp. 2d 1 (D.D.C. 2013), no answer is required, but

insofar as one is deemed required, denied, and the Court is respectfully referred to those

decisions for a complete and accurate statement of their contents.

36.     Admit that defendant acknowledged Request D by letter dated August 26, 2013

and assigned it the stated case control number.  Defendant respectfully refers the Court to that

letter (Exhibit C to the Complaint) for a complete and accurate statement of its contents.

37.     This paragraph contains conclusions of law to which no answer is required, but

insofar as one is deemed required, denied.

38.     Admit that AP submitted a FOIA request to the Department of State on August 8,

2013.  Defendant respectfully refers the Court to that request (Request E, Exhibit E to the

Complaint) for a complete and accurate statement of its contents.

39-40.  These paragraphs contain plaintiff's characterization and description of Request E.

Defendant respectfully refers the Court to Request E for a complete and accurate statement of its

contents.

41-42.  Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations in these paragraphs.  Defendant respectfully refers the Court to

Request E for a complete and accurate statement of its contents.

43-45.  These paragraphs contain plaintiff's characterization and description of a

Proposed Charging Letter, Consent Agreement and Order.  Defendant respectfully refers the

Court to these documents (Exhibit F to the Complaint, or at

https://www.pmddtc.state.gov/compliance/consent_agreements/baes.html), for a complete and

accurate statement of their contents.  The allegations in these paragraphs also do not set forth a

claim for relief or aver facts in support of a claim to which an answer is required.

46-49.  Admit that defendant responded to Request E by letter dated October 31, 2013,

and assigned it the stated case control number.  Defendant respectfully refers the Court to that

letter (Exhibit E to the Complaint) for a complete and accurate statement of its contents.

50.   This paragraph contains conclusions of law to which no answer is required, but

insofar as one is deemed required, denied.

51.   The first sentence is denied, except to aver that the AP has contacted the

Department of State concerning its FOIA requests.  The second sentence is denied.

52.   The second sentence is admitted.  The remainder of this paragraph contains

plaintiff's characterization and description of plaintiff's May 9, 2014 email exchange with Eva O.

Tyler of the Department of State.  Defendant respectfully refers the Court to that email exchange

(Exhibit G to the Complaint) for a complete and accurate statement of its contents.

53.   The second sentence is admitted.  The remainder of this paragraph contains

plaintiff's characterization and description of defendant's September 18, 2014 email to Robert

Burns.  Defendant respectfully refers the Court to that email (Exhibit H to the Complaint) for a

complete and accurate statement of its contents.

54.     The third sentence is admitted.  The remainder of this paragraph contains plaintiff's characterization and description of plaintiff's email exchange on December 4 and 5, 2014, with Charlotte W. Duckett of the Department of State.  Defendant respectfully refers the Court to that email exchange (Exhibit I to the Complaint) for a complete and accurate statement of its contents.

55.     Admit that on January 12, 2015, plaintiff submitted an administrative appeal to the Department of State Appeals Review Panel.  Defendant respectfully refers the Court to that appeal document (Exhibit J to the Complaint) for a complete and accurate statement of its contents.

56-57.  Admit that the Department of State responded to plaintiff's appeal by letter dated January 16, 2015.  Defendant respectfully refers the Court to that letter (Exhibit K to the Complaint) for a complete and accurate statement of its contents.

58.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

59.     Defendant here incorporates its above responses to paragraphs 1 through 58 of the Complaint.

60.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied, except to admit that the Department of State is an agency subject to FOIA.

61.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

62.     Defendant here incorporates its above responses to paragraphs 1 through 61 of the Complaint.

63.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied, except to admit that the Department of State is an agency subject to FOIA.

64.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

The remaining paragraphs set forth plaintiff's prayer for relief to which no answer is required, but insofar as an answer is required, defendant denies that plaintiff is entitled to the relief requested or to any relief at all.

Defendant hereby denies all allegations of the Complaint not otherwise specifically answered above.

Wherefore, having fully answered, defendant respectfully requests that the Court enter judgment dismissing the Complaint with prejudice, and awarding defendant its costs and attorney's fees and such other relief as the Court deems just and proper.

Respectfully submitted,


BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

VINCENT H. COHEN, JR.
Acting United States Attorney

MARCIA BERMAN
Assistant Director, Federal Programs Branch

**/s/ Lisa A. Olson**
LISA A. OLSON
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Mass. Ave., N.W., Room 7300
Washington, D.C. 20530

Telephone: (202) 514-5633
Telefacsimile: (202) 616-8470
E-mail: lisa.olson@usdoj.gov

Dated: May 26, 2015                    Counsel for Defendant