UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE ASSOCIATED PRESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 15-345 (RJL) |
| | ) | |
| UNITED STATES DEPARTMENT OF STATE, | ) ) ) | **FILED** AUG 0 7 2015 |
| | ) | Clerk, U.S. District & Bankruptcy |
| Defendant. | ) | Courts for the District of Columbia |

**ORDER**
(August 7, 2015)

Upon consideration of the Declaration of John F. Hackett [Dkt. #11-1], the Supplemental Declarations thereto [Dkts. ##14-1, 16-1], and the live testimony provided by the same, *see generally* Status Hearing Transcript, July 31, 2015 [Dkt. #15], it is hereby **ORDERED** that the following schedule shall apply to the production of responsive documents in this case. The Court notes that this Order specifically *excludes* any responsive documents contained in the approximately 55,000 pages of emails provided to the Department of State by former Secretary of State Hillary Clinton ("Secretary Clinton"), which are already subject to a scheduling order in a separate case, *see* Scheduling Order, *Leopold v. U.S. Department of State*, No. 1:15-cv-123-RC (D.D.C., May 27, 2015), ECF No. 17, as well as documents contained in the twenty boxes of documents recently provided to the State Department by Secretary Clinton's former senior advisor Philippe Reines.

1

It is hereby **ORDERED** that within 30 days of the date of this Order, Defendant shall produce all non-exempt portions of the documents responsive to Request B, Records Regarding Huma Abedin,[1] that have been identified to date and have been estimated to be approximately 68 pages in total; it is further

**ORDERED** that within 90 days of the date of this Order, Defendant shall produce all non-exempt portions of the documents responsive to Request A, Secretary Clinton's Calendars and Schedules, that have been identified to date and have been estimated to be approximately 4,850-4,950 pages in total; it is further

**ORDERED** that within 240 days of the date of this Order, Defendant shall produce all non-exempt portions of the documents responsive to Request E, Records Regarding BAE Systems, that have been identified to date and have been estimated to be approximately 13,387 pages in total. Production of documents responsive to Request E shall proceed via rolling productions beginning 120 days from the date of this Order and continuing every 30 days thereafter; it is further

**ORDERED** that, to the extent necessary, Defendant shall continue conducting searches for records responsive to Request B and shall produce the non-exempt portions of any documents identified on a rolling basis;[2] it is further

---

[1] The Court refers to Requests A through E as identified in Plaintiff's Complaint [Dkt. #1].
[2] The Hackett Declaration notes that, with respect to Request B, Information Programs and Services ("IPS") has been working with the Undersecretary for Political Affairs and Office of Global Women's Issues, but the Declaration does not report whether these offices have completed searching for responsive records. *See* Hackett Decl. ¶¶ 25, 29.2. To the extent these offices are still working to identify potentially responsive documents, those searches shall continue and their efforts shall be reported to this Court.

**ORDERED** that within one week of each production, Defendant shall file a status report informing the Court of the number of pages produced for each Request and providing an estimate of the number of pages remaining to be produced for each Request. These reports shall also include a description of any ongoing searches for responsive documents, and the estimate of pages remaining shall include documents identified through these additional searches, if any; it is further

**ORDERED** that Defendant continue conducting searches for records responsive to Request D, Records Regarding Surveillance and Anti-Terrorism Programs, and submit to this Court, within 60 days of the date of this Order, an estimate of the volume of responsive documents. The production of records responsive to Request D shall be addressed by a separate order of this Court at that time; it is further

**ORDERED** that the Defendant shall alert this Court without delay if it believes it will not be able to comply with any deadline set forth in this Order. Such notice shall state the specific reasons as to why the deadline will not be met and shall propose a revised schedule.

**SO ORDERED.**

<br>

_____
RICHARD J. LEON
United States District Judge