UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **The Associated Press**<br><br>*Plaintiff*,<br><br>v.<br><br>**U.S. Department of State**<br><br>*Defendant*<br>and<br><br>**BAE SYSTEMS PLC,**<br>**6 Carlton Gardens**<br>**London SW1Y 5AD**<br>**United Kingdom**<br><br>**BAE SYSTEMS, INC.**<br>**1101 Wilson Blvd.**<br>**Suite #2000**<br>**Arlington, VA 22209**<br><br>*Proposed Defendant-Intervenors.* | Case No. 1:15-cv-345 (RJL) |

### DECLARATION OF STUART TURNER IN SUPPORT OF BAE SYSTEMS PLC'S AND BAE SYSTEMS, INC.'S SEPARATE AND UNOPPOSED MOTIONS TO INTERVENE

I, Stuart W. Turner, hereby declare under penalty of perjury as follows:

1.  I am an attorney licensed in the District of Columbia and Counsel at the law firm of Arnold & Porter LLP. I am counsel of record for proposed Defendant-Intervenor BAE Systems plc ("BAES plc"). During the events described herein, I also represented BAE Systems, Inc. ("BAES, Inc."). I am admitted to practice before this Court.

2.  I am personally familiar with the matters set forth herein and make this Declaration in support of BAES plc's and BAES, Inc.'s Separate and Unopposed Motions to

Intervene in the above-referenced matter. This declaration is an attachment to the Memorandum in Support of BAES plc's and BAES, Inc.'s Separate and Unopposed Motions to Intervene, to which the reader is referred for additional facts relevant to the following statements.

3. During the timeframe covered by Request E of the Freedom of Information Act ("FOIA") request filed by Plaintiff Associated Press ("AP"), BAES plc and BAES, Inc. cooperated with the inquiry of the U.S. Department of State ("DOS") referred to in Request E, and voluntarily disclosed documents to DOS containing proprietary commercial and highly confidential information of BAES plc and BAES, Inc. as part of the negotiations between DOS and BAES plc pursuant to settlement of that inquiry.

4. None of the documents produced by the Department of Justice ("DOJ") on behalf of DOS on December 7, 2015, January 6, 2016, February 5, 2016, April 4, 2016, and May 9, 2016 were provided to BAES plc or BAES, Inc. for review prior to release.

5. DOJ and BAES plc and BAES, Inc. established a process through which DOJ would provide the companies with copies of the documents containing BAES plc and BAES, Inc. information. BAES plc and BAES, Inc., within two to three weeks of receipt, reviewed each of the batches of documents provided to them by DOS to identify appropriate redactions or restrictions on release pursuant to FOIA Exemption (b)(4). BAES plc and BAES, Inc. have reviewed thousands of pages of documents, provided draft redactions as appropriate, discussed the scope of redactions in detail with DOJ and DOS, and submitted detailed legal support to DOS for BAES plc's and BAES, Inc.'s proposed redactions.

6. I attended hearings convened by the Court in this matter on June 28, 2016 and July 6, 2016. At these hearings, AP discussed its intention to challenge before this Court some or all of the redactions implemented by DOJ and DOS.

7.      The documents allegedly responsive to Request E concern BAES plc and BAES, Inc., may contain information that is confidential and competitively sensitive and were voluntarily provided to DOS by the companies in the course of a settlement negotiation with BAES plc.  The documents sought to be released are internal documents provided by BAES plc and BAES, Inc. regarding their regulatory compliance, or documents created by the Government incorporating the companies' information, in connection with the inquiry conducted by DOS of BAES plc during 2010 and 2011.  Among the materials being considered for release are documents such as confidential internal audit reports, copies of internal manuals and trainings, proprietary details of export licenses and other business operations, accounts of conversations between DOS and BAES plc or BAES, Inc. officials undertaken in the context of settlement negotiations, detailed DOS reports of the companies' internal compliance systems, and other confidential and proprietary documents.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on August 11, 2016

By:   */s/ Stuart W. Turner*
        Stuart W. Turner