UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ASSOCIATED PRESS,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>    Defendant, and<br><br>BAE SYSTEMS PLC,<br>BAE SYSTEMS, INC.,<br><br>    Defendant-Intervenors. | Civil No. 15-cv-345 (RJL)<br><br>**FILED**<br>NOV 0 1 2016<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

MEMORANDUM OPINION
(November _1_, 2016) [Dkt. ## 85, 86, 91]

Currently pending before this Court are the parties' cross-motions for partial summary judgment on a sample of 38 documents withheld in part or in whole under asserted Freedom of Information Act exemptions. *See* Def.'s Mot for Partial Summ. J. [Dkt. # 86]; Def.-Intervenors' Mot. for Partial Summ. J. [Dkt. # 85]; Pl's Cross-Mot. for Partial Summ. J. [Dkt. # 91.] Upon consideration of the motions, record, and relevant law, and after reviewing unredacted copies of the documents *in camera*, the Court upholds the withholdings, GRANTS defendant's Motion for Partial Summary Judgment, GRANTS defendant-intervenors' Joint Motion for Partial Summary Judgment, and DENIES plaintiff's Cross-Motion for Partial Summary Judgment.

## BACKGROUND

Plaintiff Associated Press ("AP") filed this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking, in part, to compel the United States Department of State ("the State Department") to produce documents regarding the State Department's 2011 decision to enter into a negotiated civil settlement with BAE Systems plc (collectively with BAE Systems, Inc., "BAES"). Although the State Department has already searched for and produced records responsive to AP's request, it has withheld documents in part, or in whole, on the grounds that the withheld information is subject to FOIA's statutory exemptions. AP challenged the State Department's withholdings, and the parties agreed to litigate the challenged withholdings through motions for partial summary judgment that address a sample of 38 withheld or redacted documents.

## STANDARD OF REVIEW

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In a FOIA action, the agency and aligned intervenors are "entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection requirements.'" *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (alteration in original)).

## ANALYSIS

Due to the time-sensitive nature of AP's requests, and in light of the fact that the Court has reviewed the disputed documents *in camera*, I do not have the luxury of drafting a lengthy opinion that addresses every withholding in granular detail. A summary describing my reasoning will have to do.

As an initial matter, I agree with the State Department's legal arguments for withholding information pursuant to FOIA Exemptions 3, 5, and 6, and I find that the State Department appropriately applied those exemptions to the sample documents. Furthermore, I find that State produced all reasonably segregable information contained in the sample documents that was not subject to a statutory exemption and that no further non-exempt material is subject to release in the sample documents.

The parties disagree about the appropriate standard governing the Exemption 4 withholdings, and specifically dispute whether the information BAES submitted to the State Department was provided voluntarily or involuntarily. I find that BAES was not required to submit the documents to the State Department, that the State Department lacked the authority to compel their production, and that the submitted documents are therefore subject to the "voluntary" standard set forth in *Critical Mass Energy Project v. NRC*, 975 F.2d 871 (D.C. Cir. 1992). Upon reviewing the motions, the *Vaughn* index, and the documents themselves, I find that the withheld information meets that standard, since it "is of a kind that would customarily not be released to the public" by BAES, and is therefore appropriately withheld. *Id.* at 879. *See also M/A–Com Info. Systems v. U.S.*

*Dep't of Health and Human Servs.*, 656 F. Supp. 691, 692 (D.D.C. 1986) (upholding Exemption 4 withholdings for commercial information produced "in confidence" to agency during the course of debarment settlement negotiations).

Nevertheless, even if the documents at issue were provided to State involuntarily, the withheld information would still meet the higher standard set forth in *Nat'l Parks Conservation Assoc. v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974), as disclosure of the withheld documents at issue would either hinder the government's ability to obtain similar information in future settlement negotiations, or would likely cause substantial competitive harm to BAES. Therefore, I find that the State Department properly withheld information pursuant to FOIA Exemption 4.

## CONCLUSION

Forth the reasons set forth above, the withheld information in the sample set of 38 documents is exempt from production pursuant to FOIA's statutory exemptions, and that State and BAES are entitled to summary judgment as to the sample set of 38 documents. Therefore, defendant's and defendant-intervenors' motions for partial summary judgment are GRANTED, and plaintiff's motion for partial summary judgment is DENIED. An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge